OPINION
D.W. NELSON, Senior Circuit Judge:
Dennis Emmett (Emmett) appeals the district court’s denial of his motion for early termination of supervised release. We conclude that the district court did not adequately explain its reasons for rejecting Emmett’s arguments in favor of early termination, and therefore vacate the district court’s order and remand for further proceedings.
I. Background
Emmett pled guilty to one count of mail fraud on December 12, 2008, and was subsequently sentenced to fifty-one months of imprisonment and a three-year term of supervised release. This conviction arose out of Emmett’s participation in a scheme to trick victims into investing in fraudulent companies that claimed to purchase lottery tickets and distribute the proceeds to investors. Tens of thousands of people fell victim to this scheme, resulting in total losses between $14 million and $20 million.
Two years after Emmett was released from custody, he filed a motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). Emmett argued that continuing his term of probation was a waste of resources because his offense was non-violent; he never violated his terms of supervised release; and the probation office was not providing him with training, medical care, or other correctional treatment.
*819 The district court denied Emmett’s motion five days after it was filed, and did so without holding a hearing or receiving a response from the government or the probation office. The order denying the motion reads, in full:
Defendant Dennis Emmett’s Ex Parte Application For Early Termination of Supervised Release (DOCKET NUMBER 227) filed on August 1, 2013 is hereby DENIED. Defendant has not provided any reason demonstrating that continuing supervised release imposes any undue hardship on defendant.
Emmett appeals the denial of his motion.
II. Standard of Review
Our decisions “have repeatedly held that a district court enjoys significant discretion in crafting terms of supervised release for criminal defendants.” United States v. Weber, 451 F.3d 552, 557 (9th Cir.2006). Consistent with a district court’s broad discretion in imposing terms of supervised release, the language of § 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release. 18 U.S.C. § 3583(e)(1); United States v. Hook, 471 F.3d 766, 771 (7th Cir.2006). We therefore review the district court’s decision for abuse of discretion. See United States v. Townsend, 98 F.3d 510, 512 (9th Cir.1996); United States v. Lowe, 632 F.3d 996, 997 (7th Cir.2011).
III. Discussion
Emmett claims that the district court abused its discretion by applying an incorrect legal standard, and by failing to provide a sufficient explanation for its decision. We consider each argument in turn.
A
It is an abuse of discretion to apply the wrong legal standard. United States v. Ruiz, 257 F.3d 1030, 1033 (9th Cir.2001). Here, Emmett claims that the district court applied the wrong legal standard by refusing to grant early termination unless Emmett proved undue hardship caused by his supervised release.
The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e). The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release “if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.” Id. § 3583(e)(1). The expansive phrases “conduct of the defendant” and “interest of justice” make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir.1999).
The text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship. District courts are directed to exercise discretion in light of a broad range of factors, and therefore a blanket rule denying early termination whenever a defendant fails to prove undue hardship would “completely disregard[ ] the statute.” See Lowe, 632 F.3d at 998-99 (concluding that a “general policy of refusing to consider motions for early termination of supervised release until the final twelve months of the defendant’s probation” is not permissible under § 3583(e)). Thus, if the district court had applied an inflexible rule requiring Emmett to prove undue hardship stemming from supervised release, that would have been an abuse of discretion.
Here, however, we cannot conclude that the district court abused its discretion *820 by imposing an undue hardship requirement. The district court’s order did not state that a showing of undue hardship is a prerequisite to early termination. In fact, the district court’s order did not articulate any discernable legal standard, nor did it cite any authority. Where a district court issues a discretionary decision without setting forth the legal standard it applied, we will not presume that its decision rested on a misapprehension of the law. See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
Instead, the district court’s finding that Emmett failed to demonstrate undue hardship is best interpreted as one reason why early termination is not in the “interest of justice.” 18 U.S.C. § 3588(e). Under the broad legal standard for granting early termination, it was not an abuse of discretion to consider as one factor among others whether continued supervised release posed an undue hardship.
Thus, we conclude that the district court did not abuse its discretion by applying an incorrect legal standard.
B
We next consider whether the district court had a duty to explain its reasons for rejecting Emmett’s request for early termination of supervised release, and if so, whether it provided a sufficient explanation.
 It is a general principle of federal sentencing law that district courts have a duty to explain their sentencing decisions. United States v. Carty, 520 F.3d 984, 992-93 (9th Cir.2008) (en banc); United States v. Trujillo, 713 F.3d 1003, 1009 (9th Cir.2013). This duty exists for two distinct prudential reasons. First, explanations allow circuit courts to conduct meaningful appellate review of sentencing decisions. Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Second, explanations “promote the perception of fair sentencing,” id., creating trust in sentencing decisions by reassuring the public of the judiciary’s commitment to reasoned decisionmaking, Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). The duty to offer a reasoned explanation applies to the initial sentence imposed by the district court, and also extends to rulings on requests for a sentencing reduction. Carty, 520 F.3d at 992; Trujillo, 713 F.3d at 1009.
A district court’s duty to explain its sentencing decisions must also extend to requests for early termination of supervised release.[1] First, the relevant statutory text is best interpreted to create a duty to explain. Section 3583(e) requires a district court to “consider! ]” particular § 3553(a) sentencing factors, and explaining whether these factors weigh in favor of early termination is part and parcel of considering the factors. We reached this same conclusion when we interpreted almost identical language in 18 U.S.C. § 3582(c)(2). Trujillo, 713 F.3d at 1009 (“The district court’s duty to consider the § 3553(a) factors necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review.”).
*821 Our interpretation of § 3583(e) finds further support in the prudential concerns underlying the duty to explain sentencing decisions. Given that a grant or denial of early termination can be appealed, explanations are useful to ensure that the appellate process provides meaningful review. Moreover, because “a term of supervised release is part of a defendant’s sentence,” Weber, 451 F.3d at 559, explanations are important to preserve public trust in sentencing decisions. Because the interests protected by the duty to explain are fully implicated when a district court hears a motion to terminate supervised release, we readily conclude that a district court’s duty to “consider” particular sentencing factors before granting or denying early termination implies that it also has a duty to explain its decision.
In light of our conclusion that the duty to explain extends to requests for early termination of supervised release, we must consider whether the record below contains a sufficient explanation for rejecting Emmett’s motion. “What constitutes a sufficient explanation will necessarily vary depending on the complexity of the particular case[J” Carty, 520 F.3d at 992. In each case, however, an explanation must be sufficiently detailed to permit “meaningful” appellate review, and it must state the court’s reasons for rejecting “nonfrivo-lous” arguments. Id.; see also Trujillo, 713 F.3d at 1009 (recognizing that although “there is no mechanical requirement that a sentencing court discuss every factor ... it may be clear from the court’s experience and consideration of the record that the factors were properly taken into account,” the sentencing court has an obligation to provide some explanation for why it has rejected specific nonfrivolous arguments). The required explanation is “most helpful” when it “come[s] from the bench, but adequate explanation in some cases may also be inferred from ... the record as a whole.” Carty, 520 F.3d at 992.
Emmett’s motion was denied without a hearing or any response from the government or probation office, and the only explanation in the record is the district court’s order stating that Emmett did not demonstrate undue hardship caused by supervised release.[2] This statement, standing alone, is not a sufficient explanation. Emmett did not argue that he faced undue hardship, and without further explanation, we cannot discern why the district court believed that the absence of undue hardship was an adequate basis for rejecting the nonfrivolous arguments that Emmett did present.[3] Moreover, the absence of undue hardship does not explain why the relevant § 3553(a) factors do not weigh in Emmett’s favor. Thus, the single explanation in the record does not provide a reason for rejecting Emmett’s arguments or explain why his request should be denied under the applicable legal standard. We therefore vacate the district court’s order and remand for further proceedings. Trujillo, 713 F.3d at 1011-12.
On remand, the district court need not give an elaborate explanation of its reasons *822 for accepting or rejecting Emmett’s arguments, and it “need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them.” Carty, 520 F.3d at 992; see also Trujillo, 713 F.3d at 1010 (district courts must provide an “explanation, not merely consideration.”). The record as a whole must, however, contain an explanation that would permit meaningful appellate review and justify the court’s conclusion in light of the parties’ nonfrivo-lous arguments and the legal standard. Carty, 520 F.3d at 992.
IV. Conclusion
The district court’s order is VACATED, and we REMAND for further proceedings consistent with this opinion.

. Other circuits have reached conflicting results on this issue. Compare United States v. Mosby, 719 F.3d 925, 931 (8th Cir.2013) (requiring no explanation), with United States v. Lowe, 632 F.3d 996, 998 (7th Cir.2011) (holding that “although a court need not make explicit findings as to each of the factors, the record must reveal that the court gave consideration to the § 3553(a) factors”), and United States v. Gammarano, 321 F.3d 311, 315-16 (2d Cir.2003) (requiring a statement that the court has considered the statutory factors but not findings of fact).

. The dissent claims that we "fault” the district court for not holding a hearing or receiving a response from the government or probation office. Dissent Op. at 825. This is incorrect, and we do not suggest that a hearing or response was needed in this case.

. The dissent concludes that no further explanation was needed because Emmett’s arguments "cannot possibly merit relief.” Dissent Op. at 824. The government conceded at oral argument, however, that Emmett’s briefing— which cited all the applicable § 3553(a) factors, directly tethered its arguments to the statutory language of three of those factors, and put forward new facts not known at the time of the initial sentencing — provided a non-ffivolous basis for granting relief.