**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30225 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00270-JCC-1 |
| v. | |
| SUNG HO KIM, | **MEMORANDUM**<sup>*</sup> |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted December 7, 2018
Seattle, Washington

Before:  W. FLETCHER and BYBEE, Circuit Judges, and BURNS,<sup>**</sup> District Judge.

Sung Ho Kim pleaded guilty to one count of bank fraud, in violation of 18

U.S.C. § 1344, and one count of aggravated identity theft, in violation of 18 U.S.C.

§ 1028A, and was sentenced to 36 months imprisonment and 5 years of supervised

---

<sup>*</sup> This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup> The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

release.  His term of supervised release will expire on April 3, 2019.  In October 2017, Kim filed a motion for early termination of his term of supervised release. We review the district court's denial of Kim's motion for abuse of discretion. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

A district court may grant early termination of supervised release if, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e)(1).  The district applied this legal standard.  It cited to 18 U.S.C. § 3583(e) and summarized the relevant § 3553(a) factors, and its findings that Kim demonstrated neither a change in circumstances nor exceptionally good behavior are best interpreted as relevant to a determination under 18 U.S.C § 3583(e) that early termination would not serve the interest of justice. *Emmett*, 749 F.3d at 820.

The district court adequately explained its reasons for denying Kim's motion.  "[T]he district court need not give an elaborate explanation of its reasons for accepting or rejecting [Kim's] arguments." *Id.* at 821-22.  An explanation is adequate if it "permit[s] meaningful appellate review and justif[ies] the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard." *Id.* at 822.  Here, the district court explained its decision in a three-page written

2

order that articulated its reasons for concluding that "the 18 U.S.C. § 3553(a) factors and the interests of justice do not support Kim's request for early termination of his supervised release." *Cf. Emmett*, 749 F.3d at 819, 822 (vacating and remanding where the district court stated only that "[d]efendant has not provided any reason demonstrating that continuing supervised release imposes any undue hardship on defendant").

**AFFIRMED**.