**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-15131 |
| Plaintiff-Appellee, | D.C. Nos. 2:17-cv-01301-WBS |
| v. | 2:08-cr-00474-WBS |
| DEREK DAVIS, a.k.a. Derik Davis, a.k.a. Terry Davis, a.k.a. Terry McCullough, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Derek Davis appeals pro se from the district court's order denying his

petition for a writ of error coram nobis. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, *see Matus-Leva v. United States*, 287 F.3d 758, 760

(9th Cir. 2002), and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court determined that Davis is not entitled to coram nobis relief because he is subject to a term of supervised release, and therefore still in custody. Davis contends that the district court could have terminated his supervised release and thereby permitted him to proceed with his petition. The district court did not abuse its discretion by implicitly denying Davis's request for early termination of supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (setting forth standard of review for motions to terminate supervised release). We agree with the district court that Davis cannot avail himself of coram nobis relief because he cannot show that a more usual remedy is unavailable to attack his conviction. *See Matus-Leva*, 287 F.3d at 761.

The district court recognized that it could construe Davis's petition as a motion under 28 U.S.C. § 2255, but chose not to do so. Davis's remaining arguments do not persuade us to reverse the district court's order.

Davis's motion to expedite and motion and amended motion for leave to file a memorandum seeking injunctive relief are denied.

**AFFIRMED.**