NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50226 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:08-cr-00793-VAP-1 |
| DANIEL APODACA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted February 5, 2019**
Pasadena, California

Before: GOULD, NGUYEN, and OWENS, Circuit Judges.

Defendant-Appellant Daniel Apodaca appeals from the district court's order denying his motion for early termination of lifetime supervised release. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Apodaca argues that the district court erred by (1) overstating the volume

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Apodaca's child pornography collection, and (2) understating the number of months Apodaca had already served on supervised released. We review for plain error because Apodaca failed to object to these factual determinations before the district court. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). Assuming without deciding that the district court misstated those facts, the district court did not plainly err because Apodaca failed to show a "reasonable probability" that the district court would have otherwise terminated supervised release. *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013) (quoting *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011)).

2. Apodaca also contends that the district court abused its discretion by failing to evaluate on the record the Probation Office's finding that Apodaca posed a low risk of recidivism. However, the district court acknowledged that the Probation Office considered Apodaca a low risk for recidivism and implicitly rejected this ground for early termination. *See United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014) (explaining that the district court "must state the court's reasons for rejecting 'nonfrivolous' arguments," but "adequate explanation in some cases may also be inferred from . . . the record as a whole" (quoting *United States v. Carty*, 520 F.3d 984, 992 (2008))). Thus, the district court adequately explained its decision.

3. Finally, Apodaca argues that the district court abused its discretion by

denying early termination of supervised release based on the seriousness of child pornography crimes in general, rather than facts specific to Apodaca. However, the district court properly considered the relevant factors of 18 U.S.C. § 3553, including both offense- and defendant-specific facts. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1057 (9th Cir. 2009). For example, the district court relied on Apodaca's admission that he had benefitted from the counseling he received on supervised release. Thus, the district court adequately considered facts specific to Apodaca in denying early termination of supervised release.

**AFFIRMED**.