**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50146 |
| Plaintiff-Appellee, | D.C. No. 5:08-cr-00139-SGL-1 |
| v. | |
| THOMAS HENRY MERDZINSKI, AKA Tom Merdzinski, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted January 8, 2020**

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Thomas Henry Merdzinski appeals from the district court's denial of his

motion for early termination of his supervised release under 18 U.S.C.

§ 3583(e)(1). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse

of discretion, *see United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014), we

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

Merdzinski contends that the district court improperly relied on the seriousness of his underlying offense and failed to consider the totality of the evidence regarding his good conduct while on supervision. However, the record reflects that the district court identified the proper factors that guide an early termination decision. Though it discussed the seriousness of the underlying offense, it did so in the context of assessing the threat to the public posed by early termination and in assessing the nature and circumstances of the offense and Merdzinski's history and characteristics, which are permissible considerations. *See* 18 U.S.C. § 3583(e). Moreover, the court expressly considered Merdzinski's arguments and evidence in favor of termination and explained why it did not find those arguments persuasive. The court did not abuse its broad discretion in concluding that early termination of supervised release was not in the interest of justice. *See* 18 U.S.C. § 3583(e)(1); *Emmett*, 749 F.3d at 820.

**AFFIRMED**.