NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10196 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-00058-JCM-GWF-1 |
| v. | |
| KENYON DEVERS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 8, 2020**

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Kenyon Devers appeals from the district court's orders denying his motion

for early termination of supervised release under 18 U.S.C. § 3583(e)(1) and his

motion for reconsideration.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Devers contends that the district court improperly denied termination on the basis of its incorrect belief that his supervised release had been revoked in 2012. However, the record of Devers's 2012 hearing shows that his supervised release was revoked on that occasion. Moreover, contrary to Devers's claim, the district court's shorthand description of his 2012 violation as a "sex offense" was not erroneous. The record also does not support Devers's contention that the court placed undue weight on his 2012 revocation. Rather, the record shows that the district court properly considered the 18 U.S.C. § 3583(e) factors, including Devers's history and characteristics. The court did not abuse its discretion in concluding that early termination of supervised release was not in the interest of justice. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819-20 (9th Cir. 2014).

**AFFIRMED.**