NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30097 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00041-JCC-1 |
| v. | |
| GEORGE VERKLER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

George Verkler appeals from the district court's order denying his motion

for early termination of supervised release under 18 U.S.C. § 3583(e)(1).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its broad discretion in concluding that early

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

termination of supervised release was not in the interest of justice. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The record supports the district court's conclusion that Verkler failed to accept responsibility for his offense or make meaningful efforts towards restitution payments and employment, and the court properly relied on these factors as reasons to continue supervision. *See* 18 U.S.C. § 3583(e). Further, the district court did not err by failing to hold a hearing on the motion. Verkler did not request a hearing in the district court and he has not identified on appeal any information he would have provided at a hearing that he did not provide in his written motion. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (it is the defendant's burden to demonstrate that early termination is justified).

The motion of appellant's appointed counsel, Harry Williams IV, Esq., to be relieved as counsel of record is granted.

Appellant's pro se request for an effective attorney is treated as a motion for appointment of substitute counsel. So treated, the motion is denied because nothing in Verkler's motion, or in the pro se briefs he provided this court, warrants appointing counsel.

**AFFIRMED**.