**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 24 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10348 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-50220-DLR-1 |
| v. | |
| BRIAN LANGENBACH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Brian Langenbach appeals pro se from the district court's order denying his

motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1).

We have jurisdiction under 28 U.S.C. § 1291. Reviewing for an abuse of

discretion, *see United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014), we

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

Langenbach contends that the district court abused its discretion because his history on supervision showed that he was the "ideal candidate" for early termination. He further argues that the district court erred by failing to: (1) consider the 18 U.S.C. § 3553(a) sentencing factors; (2) consider Langenbach's reply brief; (3) grant an evidentiary hearing; and (4) resolve a "discrepancy" regarding the probation officer's support of Langenbach's motion.

The district court did not abuse its broad discretion in concluding that early termination of supervised release was not in the interest of justice. *See* 18 U.S.C. § 3583(e)(1); *Emmett*, 749 F.3d at 819. Contrary to Langenbach's assertion, the district court considered the factors set forth in § 3553(a), properly relying on one of them to deny relief. *See* 18 U.S.C. § 3553(a)(7) ("[T]he need to provide restitution to any victims of the offense"); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."). Moreover, the court did not err in ruling on Langenbach's motion before it received his reply brief, which properly did not include any new arguments. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Nor was the district court required to hold a hearing on Langenbach's motion. *See* Fed. R. Crim. P. 32.1(c)(1) (hearing required only if the court is modifying the conditions of supervised release). On appeal, Langenbach

has not identified any information he would have provided at an evidentiary hearing that he did not provide in his motion.  Finally, the parties did not offer conflicting accounts of the probation officer's views regarding Langenbach's motion, and the court did not rely on the probation officer's opinion in denying relief.

**AFFIRMED.**