NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10403 |
| Plaintiff-Appellee, | D.C. Nos. 2:09-cr-00241-SMB-1 2:09-cr-00241-SMB |
| v. | |
| AARON WRIGHT, AKA Aaron Michael Wright, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted December 10, 2021
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

After pleading guilty to possession of child pornography, Aaron Wright was

sentenced to 66 months in prison and a lifetime of supervised release.  Wright

moved to terminate his supervised release sentence, and Wright's probation officer

sought modification of his supervised release conditions.  The district court denied

Wright's termination motion and granted several requested modifications.  Wright

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appeals both orders.  Reviewing for abuse of discretion, *see United States v. Cate*, 971 F.3d 1054, 1057 (9th Cir. 2020); *see also United States v. Nixon*, 839 F.3d 885, 887 (9th Cir. 2016) (per curiam), we affirm.

1.      The district court did not abuse its discretion in denying Wright's motion to terminate supervised release.  "The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . ."  18 U.S.C. § 3583(e)(1).  Denying Wright's termination motion, the district court provided "an explanation [that was] sufficiently detailed to permit meaningful appellate review, and [to] state the court's reasons for rejecting nonfrivolous arguments."  *United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014) (cleaned up).

The district court adequately tied its denial of Wright's termination motion to the § 3553(a) factors.  By basing its decision on the nature of Wright's crime as detailed in the original presentencing report, the district court considered "the nature and circumstances of the offense and the history and characteristics of the defendant."  *See* 18 U.S.C. § 3553(a)(1).  The district court also expressed concern about Wright's need for future correctional treatment, especially given that he only recently completed treatment and there was no polygraph condition or other tool in

place to neutrally assess his progress. Thus, the court considered the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(D).

The district court also stated its reasons for rejecting Wright's "nonfrivolous arguments in favor of termination." *See Emmett*, 749 F.3d at 821 (cleaned up). The district court acknowledged Wright's impressive rehabilitative efforts and progress to date, but found that Wright had completed treatment too recently to warrant terminating his sentence. Similarly, the court found that "the people [Wright] work[s] with, [his] family members, all have glowing things to say about [him], but that is not unusual in these types of cases." Thus, the district court addressed Wright's key arguments in favor of termination, provided its reasons for denying the termination motion, and left open the possibility of termination at a later date.

2. Nor did the district court abuse its discretion by modifying the terms of Wright's supervised release. A district court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," after considering the same § 3553(a) statutory factors that the court considers for termination decisions. 18 U.S.C. § 3583(e)(2). Wright challenges three of his supervised release conditions: his drug testing condition, treatment condition, and polygraph condition.

Wright contends that his drug testing condition constitutes an improper delegation of sentencing authority to the probation officer, and is improper given Wright's lack of a history of drug use. We disagree. Reading the recent 2020 drug testing modification condition together with the drug testing condition originally imposed in 2010, it is clear that the district court ordered the maximum number of drug tests not to exceed two per year. Thus, the district court did not improperly delegate sentencing authority to the probation officer, and instead satisfied the requirement to "set the maximum number of non-treatment program drug tests to which [Wright] may be subjected." *See United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005). Moreover, even where there is no demonstrated history of drug use, a sentencing court may nonetheless require drug testing. *Cf. United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007) (upholding condition requiring eight drug tests per month for defendant without demonstrated history of drug use).

The district court did not abuse its discretion by imposing a sex offender treatment condition on Wright. To justify this modification, the district court referenced Wright's potential for relapse, his potential need for future treatment, and the fact that Wright will likely struggle with fantasies for years. This condition is thus connected to the need to "protect the public from further crimes," 18 U.S.C. § 3553(a)(2)(C); the need to provide "other correctional treatment in the most

4

effective manner," *id.* § 3553(a)(2)(D); and the "the nature and circumstances of [Wright's] offense," *id.* § 3553(a)(1). Therefore, this "condition of supervised release meant to address [Wright's] history of sexual misconduct" is not unduly burdensome and is "reasonably necessary to accomplish one of the legitimate goals of supervised release." *See United States v. Hohag*, 893 F.3d 1190, 1193 (9th Cir. 2018).

Finally, the district court did not abuse its discretion by imposing a polygraph condition on Wright. The polygraph condition is a neutral means of determining Wright's compliance with treatment as well as Wright's truthfulness with his probation officer. Thus, the condition is adequately connected to the need "to provide [Wright] with needed . . . correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2)(D).[1]

**AFFIRMED.**

---

[1] Because this disposition does not rely on the documents that Wright would have us strike in his motion to strike, Dkt. No. 30, we deny his motion as moot.