NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50287 |
| Plaintiff-Appellee, | D.C. No. 5:08-cr-00139-SGL-1 |
| v. | |
| THOMAS HENRY MERDZINSKI, AKA Tom Merdzinski, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Thomas Henry Merdzinski appeals pro se from the district court's order

denying his second motion for early termination of supervised release under 18

U.S.C. § 3583(e)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Merdzinski first contends that the district court failed to explain adequately

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

its decision to deny early termination. We need not resolve the parties' dispute over the applicable standard of review because this claim fails under any standard. The court stated that it had reviewed the oppositions filed by the government and probation, which indicated that the reasons given by the court when it denied early termination in a lengthy order less than three years earlier still applied. The oppositions also explained that Merdzinski's circumstances had not meaningfully changed since that time and that early termination would pose a risk to the community. Given these arguments, and the record as a whole, the district court's explanation, while brief, is sufficient to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Merdzinski also argues that the district court abused its discretion by denying his motion because his circumstances had changed sufficiently to warrant early termination. A review of the record shows, however, that the district court did not abuse its broad discretion in concluding that early termination of supervised release was not in the interest of justice. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Merdzinski's remaining arguments lack merit or are beyond the scope of this appeal.

**AFFIRMED.**

21-50287