# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 21-7141**

**September Term, 2022**

FILED ON: DECEMBER 21, 2022

LLC SPC STILEKS,
                    APPELLEE

v.

THE REPUBLIC OF MOLDOVA,
                    APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-01921)

———

Before: RAO and CHILDS, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*

### J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons set forth below, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

The judicial proceedings in this case began in 2010, when Moldova allegedly failed to pay its energy bills to neighboring Ukraine's Energoalliance. Appellee Stileks subsequently acquired the claim against Moldova, and this judgment refers to Stileks and its predecessors simply as "Stileks" throughout. Stileks sought repayment via arbitration under the Energy Charter Treaty ("ECT"). The arbitration tribunal, seated in Paris, found in October 2013 that Moldova breached its obligations under the ECT and awarded damages to Stileks.

The following year, Stileks sought to confirm this award in the United States under the New York Convention, which grants jurisdiction to the courts of the United States to adjudicate foreign applications to confirm covered arbitration awards by any party to such agreement against any other party. *See* 9 U.S.C. § 207. While the confirmation proceeding occurred in the United States, Moldova appealed the arbitration tribunal's decision in France to the Paris Court of Appeal,

1

which reversed and held for Moldova. Stileks then appealed to France's highest court, the Court of Cassation, which in 2018 reversed, reinstated the arbitral award, and remanded back to the Paris Court of Appeal.

Finally, in 2019, the district court confirmed Stileks' award. Moldova appealed to this Court, which affirmed on all issues except the currency of the judgment. *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 883 (D.C. Cir. 2021) ("*Stileks I*"). However, the saga does not end here. After Moldova lost in France's Court of Cassation in 2018, it appealed to the Court of Justice of the European Union ("CJEU"), which issued a decision in 2021 favoring Moldova under European Union law. The case is currently again before the Paris Court of Appeal, whose ultimate decision the parties will be able to appeal once more.

Back in the United States, Moldova moved the district court for a further stay of enforcement. The court denied the motion and entered its judgment against Moldova in December 2021. Moldova now appeals.

In denying the stay, the district court adequately applied our directive in *Stileks I* to evaluate a stay request under *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310 (2d Cir. 1998) ("*Europcar*"). *See also Stileks I*, 985 F.3d at 880. As *Stileks I* directs, the district court focused on *Europcar*'s first two factors: (1) "the expeditious resolution of disputes and the avoidance of protracted and expensive litigation" and (2) "the status of the foreign proceedings and the estimated time for those proceedings to be resolved." *LLC SPC Stileks v. Republic of Moldova*, No. 14-cv-01921, 2021 WL 5318029, at *3–6 (D.D.C. Nov. 16, 2021) (citing *Europcar*, 156 F.3d at 317–18). It concluded these factors counseled against a stay, considering (1) litigation began over ten years ago, and a further stay would not serve "expeditious resolution"; and (2) an additional stay would necessarily consist of "indefinite duration" because the European litigation may again cycle through French courts after the CJEU's decision. *Stileks*, No. 14-cv-01921 (D.D.C. Nov. 16, 2021), at *4–5. We review the district court's determination for abuse of discretion. *Stileks I*, 985 F.3d at 879 (citing *Europcar*, 156 F.3d at 316–17).

We see no error in the district court and certainly no abuse of discretion. The district court correctly followed our *Stileks I* instructions and evaluated the first two *Europcar* factors, which is all *Stileks I* requires. The district court actually considered all six *Europcar* factors. With this full analysis, the court reached its original conclusion. If anything, Moldova received more consideration from the district court than the law requires. Because Moldova would have the district court arrive at a different conclusion after applying the law to the facts does not signal an abuse of discretion, and we may not "substitute our judgment for that of the [district] court." *Jeffries v. Barr*, 965 F.3d 843, 855 (D.C. Cir. 2020) (quoting *United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015)).

Additionally, we affirm the district court on the separate grounds of the law of the case doctrine, which neither party raised. This doctrine "refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided . . . by that court or a higher one in earlier phases." *Wye Oak Tech., Inc. v. Republic of Iraq*, 24 F.4th 686, 697 (D.C. Cir. 2022) (quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995)). In this case, we decided in *Stileks I* that the district court correctly affirmed

2

Stileks' award and denied Moldova a longer stay. *Stileks I*, 985 F.3d at 883. This "same issue presented a second time in the same case in the same court" will not lead us to a different result. *Wye Oak*, 24 F.4th at 697 (quoting *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999)).

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk