**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-10026 |
| Plaintiff-Appellee, | D.C. Nos. 2:07-cr-00184-JCM-EJY-1 2:07-cr-00184-JCM-EJY |
| v. | |
| TRAVIS CARTER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 5, 2024[**]
Las Vegas, Nevada

Before: M. SMITH, BENNETT, and COLLINS, Circuit Judges.

In 2008, pursuant to a plea agreement, Travis Carter pled guilty to one count

of possession of child pornography and was sentenced to 30 months' imprisonment

based on the government's recommendation of a downward variance. The Guideline

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

range was 78–97 months.[1]  With Carter's endorsement, the district court imposed a lifetime term of supervised release.  Carter began his supervised release in 2010. Two years later, he violated the terms of release and was sentenced to imprisonment for nine additional months.  Carter restarted his lifetime supervised release in 2013 and has since complied with the terms of supervised release.

In 2022, Carter moved for early termination of his lifetime supervised release. He cited his compliance with the terms of supervision and claimed continued supervision was impacting his ability to find suitable housing.  The district court denied the motion, concluding that Carter's compliance with the terms was an expectation and insufficient to warrant termination of supervised release, and because Carter had not shown a material change in circumstances warranting termination of supervision.

Carter argues the district court applied an incorrect legal standard and insufficiently explained its denial.  The government argues Carter's appeal should be dismissed pursuant to the appeal waiver in the plea agreement.  The government alternatively argues that even if the waiver were inapplicable, the district court did

---

[1]  Some of the stipulated-as-true facts in the plea agreement: "A forensic examination was conducted on defendant's computer.  Over 1800 images on his computer have been identified as child pornography.  Of these images, many are known child pornography, and there are child pornography images of babies and bondage."

not err.  We assume without deciding that Carter's waiver does not apply to this appeal.  However, because the district court applied the correct legal standard and sufficiently explained its decision, we affirm.

When a district court denies a motion to terminate supervised release, we review its decision for abuse of discretion.  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "Application of the wrong legal standard constitutes an abuse of discretion." *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc). "The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)," which "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1)).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting 18 U.S.C. § 3583(e)(1)).

The district court referred to a requirement that "a defendant must show something 'of an unusual or extraordinary nature' in addition to full compliance" to warrant early termination.  Carter argues that we clarified in *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), that new or changed circumstances, such as

"exceptionally good behavior," are not required to justify early termination of supervised release and that the district court therefore erroneously imposed on him an additional atextual requirement and improperly denied his motion as a result.

But the district court did not rely on this requirement. First, the district court correctly recited the governing standard imposed by 18 U.S.C. § 3583(e) and the § 3553(a) factors it was to consider in reaching its decision. Next, the district court properly exercised its discretion when it determined that Carter's arguments—that supervised release should be terminated because he had complied with supervision and that continued supervision was complicating his housing situation—were insufficient to meet § 3583(e)'s requirement that the court be satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Here, as Carter's only arguments for termination were his compliance with the terms of supervised release and the impact supervision had on his housing, the district court acted within its discretion.

Carter argues the district court inadequately explained its decision. But a district court "need not give an elaborate explanation of its reasons for accepting or rejecting [a defendant's early termination] arguments, and it 'need not tick off each of the [relevant] § 3553(a) factors to show it has considered them.'" *Emmett*, 749 F.3d at 821–22 (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)). "The record as a whole must, however, contain an explanation that would permit

4

meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard." *Id.* at 822. That is the case here.

Carter was convicted of possession of child pornography. He expressly agreed to a lifetime of supervised release. As his counsel explained at sentencing,

> the Court's major concern here is can we ensure that Mr. Carter will not engage in this behavior in the future. We understand why it happened; can we prevent it from happening in the future[?] And to that end, the parties . . . have come together with some pretty stringent conditions of supervision. We have agreed to lifetime supervision. Mr. Carter will be—forever be supervised by the Office of Probation.

The district court's long and detailed history with Carter from 2008 provides "adequate explanation" for the district court's denial of his motion to terminate supervised release. *Emmett*, 749 F.3d at 821. The district court properly addressed and rejected Carter's only arguments for early termination. Because neither of Carter's arguments were "tethered to a relevant § 3553(a) factor," the district court did not need to "articulate in a vacuum how each § 3553(a) factor influence[d] its determination." *Carty*, 520 F.3d at 992.

**AFFIRMED.**