**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2354 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00454-RCJ-CWH-1 |
| v. | |
| JAMES GERARD BOYLE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted August 20, 2024**

Before: S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

James Gerard Boyle appeals from the district court's order denying his

motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We need not resolve the parties' dispute over whether this appeal is barred

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by the appeal waiver in Boyle's plea agreement because, even assuming that the waiver does not apply, Boyle has not shown he is entitled to relief.

Contrary to Boyle's assertion, the district court expressly considered his arguments, including his substantial compliance with the terms of his release. Nonetheless, the court concluded that early termination was unwarranted in light of Boyle's violation of the terms of his supervision just one month after his release, his potential for recidivism, and the reasons asserted by the government. The court also emphasized that Boyle had agreed to a term of lifetime supervision, and "compliance with the conditions of supervised release is demanded—not rewarded." The court sufficiently explained its reasons for denying Boyle's motion and did not abuse its broad discretion in denying relief. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819-22 (9th Cir. 2014).

**AFFIRMED.**