NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> SHERVIN NEMAN, AKA Shervin Davatgarzadeh, <br><br> Defendant - Appellant. | No. 24-3231 <br><br> D.C. No. 2:13-cr-00289-ODW-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted January 22, 2025[**]

Before:     CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Shervin Neman appeals pro se from the district court's order denying his

request for early termination of supervised release under 18 U.S.C. § 3583(e)(1).

We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*see United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014), we affirm.

Neman argues that the district court should have terminated supervised release so that he can emigrate to Israel, and asserts that the court's denial of his motion violated due process and the Eighth Amendment. These claims are unavailing. The district court explained that termination was not warranted because "supervision is the one mechanism the court has for enforcing the restitution obligation." Neman fails to show that the court abused its discretion in reaching this conclusion, which is supported by the 18 U.S.C. § 3583(e) factors.[1] Moreover, the district court fully considered Neman's arguments, and his claims that the court was biased or had other improper motives are unsupported by the record. Finally, the Eighth Amendment does not bar a district court from requiring the defendant to serve his full supervised release term. *See Graham v. Florida,* 560 U.S. 48, 59-60 (2010).

**AFFIRMED.**

---

[1] We grant the government's motion to supplement the record with the district court's 2023 order modifying Neman's restitution payment schedule and the declaration attesting that Neman is in compliance with that order. The district court's conclusion is unaffected by this evidence because Neman does not assert, nor does the record suggest, that he has fully paid his substantial restitution judgment.