**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark SMITH, Defendant–Appellant.**

No. 06–50414.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2007.*

Filed Jan. 23, 2007.

Becky S. Walker, Esq., William A. Crowfoot, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KLEINFELD, GOULD, and SMITH, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Mark Smith appeals the district court's denial of his unopposed motion under 18 U.S.C. § 3583(e)(1) for early termination of supervised release that followed a November 23, 1998 conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).[1] We have jurisdiction under 28 U.S.C. § 1291.

To justify early termination, Smith asserts that his academic accomplishments, commitment to social work and role-model activities indicate that he has been fully rehabilitated and has thus fulfilled the goal of supervised release. Smith contends that the district court abused its discretion, asserting that the denial of early termination of supervised release without opinion shows an improper punitive purpose because the district court could have no other grounds not to grant the motion based on the record.[2]

The district court may, under factors set forth in 18 U.S.C. § 3553(a),[3] "terminate a term of supervised release ... at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." See 18 U.S.C. § 3583(e)(1).

Smith draws an impermissible inference from the district court's decision not to hold a hearing and its summary denial that the district court must have been motivated by an improper punitive purpose. Where, as here, the government did not oppose the motion after proper notice by defense counsel, the district court did not need to hold a hearing. See Fed.R.Crim.P. 32.1(c)(2)(B) and (C). In addition, the district court's silence as to its reasoning for denying such discretionary relief as early termination under § 3583(e)(1) cannot be construed as an indication that the law was misapplied. See United States v. Garcia–Garcia, 927 F.2d 489, 491 (9th Cir.1991) (holding that district court's exercise of discretion to deny summarily a downward departure does not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts are familiar to the parties, we do not recite them here except as necessary to clarify our decision.

2. "[A] district court enjoys significant discretion in crafting terms of supervised release for criminal defendants, including the authority to impose [certain] restrictions.... In fashioning conditions of supervised release, a district court has at its disposal all of the evidence, its own impressions of a defendant, and wide latitude." United States v. Weber, 451 F.3d 552, 557 (9th Cir.2006) (citations omitted); see also United States v. Pregent, 190 F.3d 279, 282 (4th Cir.1999) (affording deference to district court in its consideration of motion for early termination of supervised release under § 3583(e)). Accordingly, we review for abuse of discretion. See Weber, 451 F.3d at 557. "A court abuses its discretion when its decision is based on an errone-

ous conclusion of law or when the record contains no evidence on which [it] rationally could have based that decision." United States v. Schlette, 842 F.2d 1574, 1577 (9th Cir.1988), as amended, 854 F.2d 359 (9th Cir.1988) (alteration in original) (citation omitted).

3. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

render sentence unlawful under the United States Sentencing Guidelines).

■ There is sufficient evidence in the record to support the district court's denial of early termination of supervised release. The factors under § 3553(a) do not exclusively concern rehabilitation. Continued supervised release relates to the nature of Smith's offense and his character. *See* 18 U.S.C. § 3553(a)(1). Smith's current federal conviction was for a serious drug-related felony that came on the heels of a 1997 state misdemeanor conviction for possession of marijuana, before which Smith admitted to his probation officer that he used marijuana habitually for five years. Although Smith completed the Bureau of Prisons drug abuse program, and has not tested positive for drugs since his release, it is not irrational to impute to the district court the conceivable basis for denial that supervision with the condition of periodic drug testing is a legitimate disincentive to resume drug use. It is also not irrational to conclude that drug testing reinforces the rehabilitative purpose of supervised release where Smith has demonstrated such remarkable progress without drugs. Moreover, the fact that Smith re-offended in 1998 during the probationary period of his 1997 state drug conviction not only aggravated the current sentence; it also suggests that a concern in maintaining the condition of drug testing is not arbitrary. Finally, even Smith's compelling story of rehabilitation does not erase the fact that he failed to comply with the terms of supervised release by not registering his change of address and missing two drug test appointments. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997) (concluding early termination reserved for rare cases of "exceptionally good behavior"). In light of these conceivable justifications for denying early termination of supervised release, the district court did not abuse its discretion. We may hope that the supervised release operates to the benefit of Smith and not to his detriment. In any event, there was no abuse of discretion in maintaining the term of supervised release.

**AFFIRMED.**