**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

FREDDY PONCE,
*Defendant-Appellant.*

No. 21-30009

D.C. No.
1:15-cr-00109-
BLW-1

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted December 7, 2021[*]
Seattle, Washington

Filed January 11, 2022

Before: M. Margaret McKeown, Morgan Christen, and
Bridget S. Bade, Circuit Judges.

Opinion by Judge Christen

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal

The panel vacated the district court's order denying Freddy Ponce's motion for early termination of supervised release, and remanded so the district court will have an opportunity to clarify the standard it applied and reconsider Ponce's motion.

Ponce argued that the district court incorrectly required a threshold showing of exceptional or extraordinary circumstances for early termination of supervised release. He inferred that the court imposed this requirement because the court's order cited *United States v. Evertson*, 2011 WL 841056 (D. Idaho Mar. 7, 2011), which incorporated a misstatement of law from this court's unpublished decision in *United States v. Smith*, 219 F. App'x 666, 668 (9th Cir. 2007). He also argued that the district court has repeatedly cited *Evertson* while invoking similar language implying an exceptional or extraordinary circumstances requirement.

Citing *United States v. Emmett*, 749 F.3d 817 (9th Cir. 2014), the panel explained that the correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e), whose expansive phrases "conduct of the defendant" and "interest of justice" make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination; and that the text of § 3583(e) does not support a

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

legal standard that categorically requires a petitioner to demonstrate undue hardship.

The panel took this opportunity to make clear that the unpublished decision in *Smith* misread the Second Circuit's decision in *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), and the "exceptional behavior" rule as restated in *Evertson* is incorrect as a matter of law. The panel explained that *Smith* incorrectly attributed to *Lussier* the proposition that early termination is "reserved for rare cases of 'exceptionally good behavior.'"

Because the panel was uncertain whether the district court applied an improper "blanket rule" that early termination requires exceptional circumstances, the panel remanded so that the district court may reconsider Ponce's motion, and clarify the standard it applied. Because it remanded for reconsideration, the panel did not reach Ponce's argument that the district court erred by failing to provide sufficient explanation of its decision to deny his early termination motion.

---

**COUNSEL**

Angela Chang, Assistant Federal Defender, Federal Defender Services of Idaho, Boise, Idaho, for Defendant-Appellant.

Rafael M. Gonzalez Jr., Acting United States Attorney; David J. Morse, Special Assistant United States Attorney; United States Attorney's Office, Boise, Idaho; for Plaintiff-Appellee.

**OPINION**

CHRISTEN, Circuit Judge:

Defendant Freddy Ponce appeals the district court's order denying his motion for early termination of supervised release. Ponce argues the district court abused its discretion by applying an incorrect legal standard when it denied his motion, and by failing to adequately explain the reasons for its decision pursuant to *United States v. Emmett*, 749 F.3d 817, 820–21 (9th Cir. 2014). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1). Because we are uncertain whether the district court applied the incorrect legal standard our court endorsed in *United States v. Smith*, 219 F. App'x 666, 668 (9th Cir. 2007), we vacate the district court's order and remand so the district court will have an opportunity to clarify the standard it applied and reconsider Ponce's motion.

I.

Ponce pleaded guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) in July 2015. He was sentenced to the mandatory minimum term of 60 months of imprisonment followed by 48 months of supervised release. While in custody, Ponce pursued his rehabilitation with diligence and graduated from the Bureau of Prison's nine-month intensive Residential Drug Abuse Program (RDAP). Ponce began his term of supervised release in August 2018.

On October 21, 2020, Ponce filed a motion in the district court seeking early termination of supervised release. He argued that early termination was warranted because he had completed over half of his four-year term of supervision and

had been in total compliance with all conditions of supervised release without incident. Ponce also cited regular involvement with his church, commitment to his family responsibilities, and stable employment as reasons for early termination. Since his release, Ponce had married, and he sought early termination in part so that he would have improved housing options and could move his family into a more comfortable home. The district court denied the motion in a written order, explaining that "performing well – even exceedingly well – on supervision is not enough to justify early termination." The court's order cited *United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (citing *Smith*, 219 F. App'x at 667 n.3) for the relevant 18 U.S.C. § 3553(a) factors.

This court reviews for abuse of discretion a district court's order denying a motion to terminate supervised release. *Emmett*, 749 F.3d at 819. "Application of the wrong legal standard constitutes an abuse of discretion." *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc).

II.

Ponce argues that the district court incorrectly required a threshold showing of exceptional or extraordinary circumstances for early termination of supervised release. He infers that the court imposed this requirement because the court's order cited *Evertson*, 2011 WL 841056 (D. Idaho Mar. 7, 2011), which incorporated a misstatement of law from our unpublished decision in *Smith*. He also argues that the district court has repeatedly cited *Evertson* while invoking

similar language implying an exceptional or extraordinary circumstances requirement.[1]

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *Emmett*, 749 F.3d at 819. Section 3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting 18 U.S.C. § 3583(e)(1)). We determined in *Emmett* that "[t]he text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship." *Id.*

---

[1] *See, e.g.*, *United States v. Haworth*, No. 4:05-cr-00014-BLW-4, 2021 WL 781369, at *2 (D. Idaho Mar. 1, 2021) (holding that to obtain early termination of supervised release a defendant must show "something more" than mere compliance with the terms of supervision—"something unusual or extraordinary"); *United States v. Allen*, No. 2:10-cr-000063-BLW, 2021 WL 781507, at *2 (D. Idaho Mar. 1, 2021) ("This Court has repeatedly concluded that performing well – even exceedingly well – on supervision is not enough to justify early termination."); *United States v. Turpin*, No. 1:18-cr-00031-BLW, 2020 WL 3052674, at *2 (D. Idaho June 8, 2020) ("Simply complying with the terms and conditions of probation is 'not sufficient to justify early termination.' Defendants seeking early release must go 'above and beyond.'" (quoting *Evertson*, 2011 WL 841056, at *1, *3)); *United States v. Dixon*, No. 1:16-cr-00036-BLW, 2019 WL 148649, at *1 (D. Idaho Jan. 8, 2019) ("Defendants seeking early release" from supervision "must go 'above and beyond.'" (quoting *Evertson*, 2011 WL 841056, at *1)).

In *Smith*, we affirmed the denial of an unopposed motion for early termination of supervised release in an unpublished disposition.    219 F. App'x  at 668.    *Smith* incorrectly attributed to the Second Circuit's decision in *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997), the proposition that early termination is "reserved for rare cases of 'exceptionally good behavior.'"   219 F. App'x  at 668 (quoting *Lussier*, 104 F.3d at 36).  In fact, *Lussier* did not interpret § 3583(e) to necessarily require a showing of exceptional behavior for early termination of supervised release.  Rather, the Second Circuit correctly described the district court's authority to modify the terms and conditions of supervised release under § 3583(e) and observed that changed circumstances such as "exceptionally good behavior by the defendant" *may warrant* termination of supervised release.  *See Lussier*, 104 F.3d at 36.  The Second Circuit has since clarified that *Lussier*'s holding was limited and that it "[did] not *requir*e new or changed circumstances relating to the defendant in order to modify conditions of release, but simply recognize[d] that changed circumstances *may* in some instances justify a modification." *See United States v. Parisi,* 821 F.3d 343, 347 (2d Cir. 2016) (second emphasis added); *see also United States v. Bainbridge*, 746 F.3d 943, 948–50 (9th Cir. 2014) (concluding that new or changed circumstances were not required to modify conditions of supervised release).  We take this opportunity to make clear that our unpublished disposition in *Smith* misread *Lussier*, and the "exceptional behavior" rule as restated in *Evertson* is incorrect as a matter of law.[2]

---

[2] The Third Circuit recently corrected a similar misreading of *Lussier* in a published opinion.  *See United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

Ponce argues that, because the district court frequently invokes *Evertson* for the rule that early termination of supervised release is only appropriate in cases involving "exceptionally good behavior," the court likely invoked *Evertson* for that purpose.  But it is not clear to us that the district court denied Ponce's  motion because it applied an improper "blanket rule" that early termination requires exceptional circumstances.  We therefore remand so the district court may reconsider Ponce's motion, and clarify the standard it applied.

Because we remand for reconsideration, we do not reach Ponce's argument that the district court erred by failing to provide sufficient explanation of its decision to deny his early termination motion.  The parties shall bear their own costs.

**VACATED and REMANDED.**