NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10066 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00392-JLT-SKO-1 |
| v. | |
| RONALD SCOTT ROUFS, AKA Ronald Scott Nicholson, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted February 14, 2023**
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Ronald Roufs ("Roufs") appeals the district court's order denying his request under 18 U.S.C. § 3583(e)(1) for early termination of the ten-year term of supervision imposed at sentencing. We have jurisdiction under 28 U.S.C § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the denial of a motion for the termination of supervised release under § 3583(e)(1) for an abuse of discretion. *United States v. Ponce*, 22 F.4th 1045, 1046 (9th Cir. 2022). We affirm.

"[A] court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.*

Under 18 U.S.C. § 3583(e), a district court considers a subset of factors set forth in § 3553(a) when deciding a motion to terminate supervised release; however, Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e). We have rejected "the proposition that early termination is reserved for the rare cases of exceptionally good behavior" and have held that requiring "exceptional behavior" as a predicate for early termination "is incorrect as a matter of law." *Ponce*, 22 F.4th at 1047 (internal quotations omitted).

"What constitutes a sufficient explanation will necessarily vary depending

2

on the complexity of the particular case," although each case requires a "sufficiently detailed" explanation to "permit meaningful appellate review" and "must state the court's reasons for rejecting nonfrivolous arguments." *Emmett,* 749 F.3d at 821 (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)) (internal quotations omitted).

Here, the district court specifically discussed relevant statutory considerations under 18 U.S.C. § 3553(a) including, among others, the nature and circumstances of the offense, the need for deterrence, and the need to avoid unwarranted sentencing disparities in denying Roufs's motion. The district court also acknowledged Roufs's arguments that he had completed sex offender treatment and therapy requirements, but suggested that it would have given this factor more weight had Roufs completed such programs closer in time to his original 1991 conviction. The district court gave a sufficiently detailed explanation and stated its reasons for rejecting Roufs's arguments in denying the motion. Accordingly, the district court did not abuse its broad discretion in denying Roufs's motion for early termination of supervised release.

**AFFIRMED.**