NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50194 |
| Plaintiff-Appellee, | D.C. No.<br>2:12-cr-00548-PA |
| v. | |
| AARON SANDUSKY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 18, 2023[**]
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and ROSENTHAL,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Aaron Sandusky appeals the district court's denial of his motion for early termination of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand to allow the district court to reconsider Sandusky's motion under the correct legal standard.

We review a denial of a motion for early termination of supervised release for abuse of discretion. *United States v. Ponce*, 22 F.4th 1045, 1046 (9th Cir. 2022) (citing *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). "'Application of the wrong legal standard constitutes an abuse of discretion.'" *Id.* (quoting *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc)).

Sandusky argues that the district court abused its discretion when it denied his motion on the ground that he failed to demonstrate "exceptionally good behavior" while on supervised release, contrary to our precedent. We agree. In *Ponce*, we clarified that requiring a defendant to demonstrate "exceptional behavior" as a condition of early termination of supervised release "is incorrect as a matter of law." *Id.* at 1047. The proper legal standard is set forth in 18 U.S.C. § 3583(e)(1), which "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* (internal quotation marks and citation omitted).

The district court stated the legal standard as follows:

Early discharge is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. *See* [*United States v.*] *Lussier*, 104 F.3d [32, 36 (2d Cir. 1997)]. Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals. *Id.*

The district court then found that Sandusky "has failed to present facts and circumstances that demonstrate 'exceptionally good behavior.'"

The district court's misplaced reliance on *Lussier* follows our erroneous statement in *United States v. Smith*, 219 F. App'x 666 (9th Cir. 2007), which declared, citing *Lussier*, that "early termination [is] reserved for rare cases of 'exceptionally good behavior.'" *Id.* at 668 (quoting *Lussier*, 104 F.3d at 36). The *Ponce* court expressly noted the error in *Smith*, recognizing that *Lussier* "[did] not *require* new or changed circumstances relating to the defendant in order to modify conditions of release, but simply recognize[d] that changed circumstances *may* in some instances justify a modification." *Ponce*, 22 F.4th at 1047 (quoting *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016)).

The government asks us to infer from fragments of the district court's order that the district court properly considered the motion for early termination. We decline to draw these inferences. The district court previously denied a codefendant's motion for early termination of supervised release using the same incorrect standard. The denial of the codefendant's motion in identical terms

3

supports Sandusky's position that the district court erroneously believed that Sandusky's failure to demonstrate "exceptionally good behavior" was sufficient to deny his motion.

In its order, the district court stated that early termination is only "'occasionally' justified." This standard is contrary to the Sentencing Commission's policy statement "encourag[ing]" early termination "in appropriate cases." U.S.S.G. § 5D1.2 cmt. 5. Whether a term of supervision is "appropriate" for early termination does not turn on how often early termination is granted. The district court's emphasis on the unusual or exceptional nature of early termination suggests that the court did not evaluate relevant policy statements of the Sentencing Commission, as required by 18 U.S.C. §§ 3583(e) and 3553(a)(5), and is further evidence that the court applied an incorrect legal standard.

Accordingly, we vacate and remand to allow the district court to reconsider the motion for early termination consistent with this decision.

**VACATED and REMANDED.**