NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50116 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-03256-WQH-1 |
| v. | |
| DAVID C. JACQUOT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 18, 2023**
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and ROSENTHAL,*** District
Judge.

David Jacquot appeals the district court's denial of his motion for early

termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

Jacquot was sentenced to a 25-year term of supervised release following his conviction for travel with intent to engage in illicit sexual conduct with a minor. He has served 10 years of his 25-year term.

We review the denial of a motion for the termination of supervised release under § 3583(e)(1) for an abuse of discretion. *United States v. Ponce*, 22 F.4th 1045, 1046 (9th Cir. 2022). Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

1. The district court did not improperly consider the seriousness of Jacquot's offense. Section 3583(e) excludes the "seriousness of the offense" from the 18 U.S.C. § 3553(a) factors a district court should consider when analyzing a motion for early termination of supervised release.

Although the district court mentions the "seriousness of the offense" once in its order, it does so in the context of explaining the original rationale for the court's imposition of Jacquot's sentence. It was not improper for the court to reiterate this statement of fact, and there is no evidence that the district court considered this factor in its early termination analysis.

2. The district court sufficiently explained its reasons for denying the termination motion. "[A] district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination," but it still has "a duty to explain [its] sentencing decisions." *United States v. Emmett*, 749

F.3d 817, 819–20 (9th Cir. 2014).

Here, a review of the record illustrates that the district court provided a reasoned basis for exercising its decision-making authority. The district court analyzed the nature and circumstances of Jacquot's crime, and then concluded that the need to protect the public outweighed Jacquot's rehabilitation efforts.

Jacquot argues that the district court abused its discretion by failing to address his rehabilitation efforts and post-sentencing conduct. Although there is "no mechanical requirement that a sentencing court discuss every factor, . . . [o]ur en banc court . . . has made clear that 'when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor . . . then the judge should normally explain why he accepts or rejects the party's position." *United States v. Trujillo,* 713 F.3d 1003, 1009 (9th Cir. 2013) (citations omitted) (quoting *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc)).

We agree that Jacquot's motion raised "specific, nonfrivolous arguments" about his rehabilitation efforts, which related to the relevant sentencing factors. Some of these nonfrivolous arguments include that (1) Jacquot started a charity for veterans in need; (2) he completed his sex offender treatment; (3) he mortgaged his house to satisfy his restitution; (4) he has the family support of his wife, sons, mother, and aunt; and (5) he has reintegrated into his community.

But contrary to Jacquot's contentions, the district court did not completely fail to address Jacquot's post-rehabilitation arguments. First, the district court identifies all of Jacquot's argued rehabilitative efforts. For example, it states: "Defendant asserts that he has dedicated his activities after his release from prison to the charitable assistance of fellow veterans without compensation." And while the district court does not explicitly address each rehabilitation argument, its statement—"The Court has reviewed the facts and all relevant sentencing factors and concludes that the interests of justice continue to support the term of supervised release and each of the conditions imposed at the time of sentencing[,]"—implies that it considered Jacquot's arguments, but then proceeded to reject them. *See Emmett,* 749 F.3d at 821–22 (second alteration in original) (noting that a "district court need not give an elaborate explanation of its reasons for accepting or rejecting [the defendant's] arguments, and it 'need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them'" (quoting *Carty*, 520 F.3d at 992)).

Therefore, reviewing the district court's decision under the deferential abuse of discretion standard, we find that its explanation met the minimum to allow us to review its rationale for finding the denial of early termination of supervised release warranted on the facts of this case. *See Carty*, 520 F.3d at 992 ("What constitutes a sufficient explanation will necessarily vary depending upon the complexity of the

4

particular case[.]").

**AFFIRMED.**