**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    23-10021 |
| Plaintiff-Appellee, | D.C. No. 1:08-cr-00369-JLT-1 |
| v. | |
| TERRY ZANE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted January 11, 2024[**]
San Francisco, California

Before:  SILER,[***] CLIFTON, and M. SMITH, Circuit Judges.

Terry Zane appeals from the district court's order denying his motion for early

termination of supervised release under 18 U.S.C. § 3583(e)(1).  We review the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

denial of a motion for the termination of supervised release under § 3583(e)(1) for an abuse of discretion. *United States v. Ponce*, 22 F.4th 1045, 1046 (9th Cir. 2022). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. The district court applied the proper legal standard and did not abuse its discretion in denying the motion. "[A] court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.*

It was not improper for the district court to consider why Zane committed the offense and what, if anything, had changed in him or his circumstances since the time of his offense. Such considerations fall squarely within the district court's "broad discretion" to consider a "wide range of circumstances" relating to, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need for the sentence imposed to "protect the public from further crimes of the defendant." *See id.*; 18 U.S.C. §§ 3553(a),

3583(e)(1). The district court did not "require" Zane to prove why he committed the offense or to demonstrate new or changed circumstances. *Cf. Ponce*, 22 F.4th at 1047 (clarifying that the district court may not require exceptional behavior as a predicate for early termination). The district court merely weighed such concerns in consideration of the § 3583(e)(1) factors and did not clearly err in doing so.

Nor was it improper for the district court to "note" the seriousness of Zane's offense. Section 3583(e) excludes the "seriousness of the offense" from the 18 U.S.C. § 3553(a) factors a district court should consider when analyzing a motion for early termination of supervised release. Although the district court mentioned that the underlying offense "was quite serious and dangerous to the most vulnerable of society," it did so only once, immediately prior to (and therefore in the context of) assessing the threat to the public posed by early termination and the nature and circumstances of the offense and Zane's history and characteristics. These are permissible considerations. *See* 18 U.S.C. § 3583(e). There is no evidence that the court considered this factor separately in its early termination analysis.

2.      The district court sufficiently explained its reasons for denying the motion for early termination of supervised release. "[A] district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination," but it still has "a duty to explain [its] sentencing decisions." *Emmett*, 749 F.3d at 819–20. "What constitutes a sufficient explanation will necessarily vary

depending on the complexity of the particular case," although each case requires a "sufficiently detailed" explanation to "permit 'meaningful' appellate review" and "must state the court's reasons for rejecting 'nonfrivolous' arguments." *Id.* at 821 (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)). Here, the district court provided a reasoned basis for exercising its decision-making authority. The court discussed the relevant statutory considerations described above, the contents and conclusions of Dr. Geisler's expert report, and the court's skepticism of Zane's plan to prevent reoffense. Although the court acknowledged that it had received positive reports from his probation officer and that there was no evidence Zane had reoffended, the court concluded that "[t]he current evidence is insufficient to show that the public would be adequately protected or that the interests of justice warrant the relief sought here." The district court did not abuse its broad discretion in so holding.

**AFFIRMED.**