**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-10024 |
| Plaintiff-Appellee, | D.C. No. 4:22-cr-00375-HSG-1 |
| v. | |
| PHILONG HUA CHUONG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted January 11, 2024[**]
San Francisco, California

Before: SILER,[***] CLIFTON, and M. SMITH, Circuit Judges.

Philong Chuong appeals from the district court's order denying his motion for

early termination of supervised release under 18 U.S.C. § 3583(e)(1). We review

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

the denial of a motion for the termination of supervised release under § 3583(e)(1) for an abuse of discretion. *United States v. Ponce*, 22 F.4th 1045, 1046 (9th Cir. 2022). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court applied the proper legal standard and did not abuse its discretion in denying the motion. "[A] court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.*

The district court denied Chuong's motion after considering the appropriate statutory factors. When reviewing a motion for early termination of supervised release, a district court must consider certain factors outlined in § 3553(a). *See* 18 U.S.C. §§ 3553(a), 3583(e)(1). The court did so here. The court considered "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), including Chuong's organizational or leadership role in a large-scale narcotics distribution operation, and noted the "need for specific and general deterrence." The district

2

court was not required to make specific findings of fact with respect to each relevant factor. *See United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).

The district court did not erroneously apply an "exceptionally good behavior" standard for early termination. *Cf. Ponce*, 22 F.4th at 1047 (clarifying that the district court may not require exceptional behavior as a predicate for early termination). Had it applied such a categorical rule, the district court would have ended its inquiry after determining that Chuong's "[c]ompliance with the terms of supervised release is expected (and required), and does not by itself constitute a basis for terminating supervision." Instead, consistent with § 3583(e), the court continued with its consideration of "a broad range of factors." *See Emmett*, 749 F.3d at 819. Only after considering these factors did the district court conclude that Chuong "ha[d] not shown that the interests of justice warrant termination of supervised release."

Nor did the district court require a showing of "undue hardship." Although the "text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship," a district court can "consider as one factor among others whether continued supervised release pose[s] an undue hardship." *Id.* at 819–20. Here, the district court considered the hardship of supervision as one factor among many. No language in the district court's order indicates that a showing of undue hardship was a single, dispositive factor in the

3

court's analysis.

Nor did the district court abuse its discretion by considering the need for specific and general deterrence. Section 3583(e)(1) expressly requires the court to consider the need "to afford adequate deterrence to criminal conduct" and "to protect the public from future crimes of the defendant." 18 U.S.C. §§ 3553(a)(2)(B), (C), 3583(e)(1).

Chuong argues for the first time in his reply brief that the district court abused its discretion by requiring him to serve half of his five-year term of supervised release before he would be eligible for early termination. The argument is waived. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

**AFFIRMED.**