NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1110 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00005-JCM-LRL-1 |
| v. | |
| MICHAEL LAMAR RIVERS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 5, 2024
Las Vegas, Nevada

Before: M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Defendant Michael Rivers appeals the district court's denial of his motion under 18 U.S.C. § 3583(e)(1) for early termination of supervised release. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision for abuse of discretion, *United States v. Ponce*, 22 F.4th 1045, 1046 (9th Cir. 2022), we affirm.

Under § 3583(e)(1), a district court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," "terminate a term of supervised release . . . if it is satisfied that such action

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

is warranted by the conduct of the defendant released and the interest of justice." Rivers contends that, in denying his motion, the district court applied the wrong legal standard because it quoted language from a case that stated, *inter alia*, that a defendant must "show something 'of an unusual or extraordinary nature'" to justify early termination. Rivers is correct that, under our caselaw, a motion for early termination under § 3583(e)(1) does not require a showing of extraordinary circumstances. *Ponce*, 22 F.4th at 1047. Despite this stray erroneous statement in the district court's order, we conclude that reversal is not warranted because it is clear that the district court "ultimately applied the correct legal standard" in denying Rivers' motion. *United States v. Estate Preservation Servs.*, 202 F.3d 1093, 1103 n.9 (9th Cir. 2000).

The order denying Rivers' motion explained that, in the court's view, Rivers had "provided nothing more than compliance" with the conditions of his supervised release to support his motion, and the court held that such compliance "standing alone" was insufficient to justify early termination. That reasoning was proper under the plain language of § 3583(e)(1), which states that early termination may be granted only if it is "warranted by the conduct of the defendant released *and* the interest of justice" (emphasis added). If compliance with the conditions of supervised release—*i.e.*, the "conduct of the defendant released"—were enough for a district court to grant early termination, the requirement that early termination

*also* be warranted by the "interest of justice" would be superfluous.  *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) (describing the well-settled canon that a statute should ordinarily be construed so as to avoid rendering any part of it superfluous).

Moreover, the district court's order makes clear that the court weighed the appropriate considerations and acted within its discretion in concluding that the overall circumstances did not "warrant" termination.  The court "applaud[ed]" Rivers' post-release "progress," thus addressing Rivers' central argument for early termination.  But the court concluded that this consideration, which it permissibly viewed as the sole factor weighing in favor of early termination, was outweighed by several countervailing factors, including Rivers' status as a "career offender" and the fact that, in the underlying offense, he had recruited a 12-year-old child to commit an armed bank robbery.  These are appropriate factors under 18 U.S.C. § 3583(e)(1), which directs the court to consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(B)–(C).  The district court adequately explained its decision here, and it did not abuse its discretion in concluding that early termination was not warranted in the interest of justice.

**AFFIRMED.**