**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL MIRANDO,<br><br>Defendant - Appellant. | No. 23-338<br><br>D.C. No.<br>2:16-cr-00215-PA-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 8, 2024[**]
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and LIBURDI, District Judge.[***]

Michael Mirando appeals from the district court's denial of a stipulation by

and between Mirando and the government requesting the district court to modify

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

Mirando's terms of supervised release by striking Supplemental Condition 4. That condition required Mirando to "allow the probation officer to install computer monitoring software on any computer" he uses. We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

The district court did not abuse its discretion in denying Mirando's request to remove Supplemental Condition 4. A sentencing court enjoys wide discretion in determining whether to remove or modify conditions of supervised release. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Even though the district court did not impose Supplemental Condition 4 when it initially sentenced Mirando, a sentencing court may modify the terms of supervised release and impose additional conditions after the initial sentencing, "even absent a showing of changed circumstances." *United States v. Bainbridge*, 746 F.3d 943, 950 (9th Cir. 2014). And even though the probation office recommended removal of Supplemental Condition 4 because it was duplicative of another condition and because Mirando had displayed good behavior while on supervised release, it is the district court, not the probation office, that decides "the nature or extent of the punishment imposed upon a probationer." *United States v. Stephens*, 424 F.3d 876, 881 (9th Cir. 2005) (quoting *United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005)).

The district court provided an adequate explanation for its order denying the modification request in a subsequent order. *See* 18 U.S.C. § 3583(d). The "district court's view of the evidence [was] plausible in light of the record viewed in its entirety," and thus was not clearly erroneous. *United States v. Reyes*, 772 F.3d 1152, 1157 (9th Cir. 2014) (quoting *United States v. Gust*, 405 F.3d 797, 799 (9th Cir. 2005)). Although the district court erroneously stated that Mirando was seeking to remove Supplemental Condition 3 as well as Supplemental Condition 4, this misstatement was harmless. Mirando concedes that the district court accurately differentiated between the two conditions, and the district court's analysis amply supported its determination that Supplemental Condition 4 remained necessary to achieve the goals of deterrence and protection of the public.[1]

Because the district court did not abuse its discretion, we conclude there are no "unusual circumstances" warranting reassignment of this matter to a different district judge. *Disability Rts. Mont., Inc. v. Batista*, 930 F.3d 1090, 1100 (9th Cir. 2019).

**AFFIRMED.**

---

[1] Mirando states he is not arguing that Supplemental Condition 4 was illegally imposed, so we do not address this issue.