**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2926 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00548-PA-1 |
| v. | |
| AARON SANDUSKY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 13, 2024**
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Aaron Sandusky appeals the district court's denial of his motion for early

termination of supervised release under 18 U.S.C. § 3583(e)(1). We have

jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *see United*

*States v. Ponce*, 22 F.4th 1045, 1046 (9th Cir. 2022), and we affirm.

The district court did not apply an incorrect legal standard in evaluating

Sandusky's motion. Under the applicable statute, the district court may terminate a

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

supervised-release term if, after considering a specified subset of the sentencing factors in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The district court correctly recited this standard and expressly considered the specified § 3553(a) factors. The district court's passing citations of *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), for certain specific propositions did not contravene our holding that "*Lussier* '[did] not *require* new or changed circumstances relating to the defendant in order to modify conditions of release.'" *United States v. Sandusky*, No. 22-50194, 2023 WL 3034264, at *1 (9th Cir. Apr. 21, 2023) (alteration in original) (citation omitted).

In evaluating the "nature and circumstances" of Sandusky's offense and the need to "afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(1), (a)(2)(B), the district court properly considered the details of Sandusky's marijuana distribution, the harms caused by that offense, and the need to protect against possible recidivism. While Sandusky disputes the weight the district court gave to these considerations, "mere disagreement does not amount to an abuse of discretion." *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013).

The district court also properly considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Sandusky notes that our prior

2

ruling stated that the legal standard employed by the district court in denying the early-termination motion of one of Sandusky's codefendants confirmed our view that the district court's first ruling on Sandusky's motion likewise applied the wrong legal standard, *see Sandusky*, 2023 WL 3034264, at \*1, and Sandusky argues that our prior ruling therefore compels the view that this factor favors early termination. That is wrong. The denial of that one codefendant's early-termination motion was never appealed or set aside, and our limited reference to it in Sandusky's prior appeal did not disturb its finality. Moreover, three other codefendants who received shorter prison sentences were also sentenced to five years of supervised release, and those defendants never sought early termination of supervised release. The district court properly considered that granting Sandusky's motion would treat a more culpable defendant as less in need of supervision than less culpable codefendants.[1]

**AFFIRMED.**

---

[1] Because we affirm the district court's decision, we do not reach Sandusky's request to have his case reassigned to a different district court judge. We reject, as unsupported, Sandusky's suggestion that the district court exhibited bias towards him.